PARK & TILFORD v. UNITED STATES (No. 1715).[1]

CONSTRUCTION, PARAGRAPH I OF SECTION 3, TARIFF ACT OF 1913—ENTERED, HIGHER
    THAN MARKET, VALUE.

Where goods were entered at a value higher than that stated in the invoice, with a certificate that this was done to meet advances made by the appraiser in similar pending cases, and the final appraisement was between the invoice and entered values, the refusal of the Secretary of the Treasury to direct the collector to assess duty upon less than the entered value is not reviewable upon appeal by the Board of United States General Appraisers or the United States Court of Customs Appeals.—Mills & Gibb v. United States (8 Ct. Cust. Appls., 31; T. D. 37164).

[1] T. D. 37165 (32 Treas. Dec., 481).

# United States Court of Customs Appeals, April 11, 1917.

APPEAL from Board of United States General Appraisers, Abstract 39704.

[Affirmed.]

Hatch & Clute (*Edward S. Hatch* and *Walter F. Welch* of counsel) for appellants.
Bert Hanson, Assistant Attorney General, for the United States.

[Oral argument Oct. 11, 1916, by Mr. Welch and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consisted of perfumes and toilet articles which were imported under the tariff act of 1913, and which were subject to a certain ad valorem rate of duty. Duty was assessed at that rate upon the merchandise at its entered value. The importers, however, claimed assessment upon the merchandise at its value as decided by a final reappraisement thereof, this being less in amount than the entered value. This claim was made under the closing provision of paragraph I of section 3 of the act, which reads as follows:

> The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

It appears from the record that the importers entered the merchandise upon an invoice which stated a gross price and allowed 15 per cent deduction therefrom. At entry the importers advanced this value by reducing the deduction to 6 per cent, which was of course equivalent to an advance of 9 per cent upon the net invoice price of the merchandise.

Concurrently with the entry the importers filed a certificate under paragraph I, supra, in the following terms:

> I, Jesse Howell, treasurer of the corporation of Park & Tilford, hereby certify that the entered value of the merchandise mentioned below is higher than the foreign market value, and that the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending are entries Nos. 109522 at the port of New York. I contend that duty should be assessed on the basis of the value shown below as the foreign market value

The local appraiser appraised the merchandise at the entered value, that is, at the gross invoice price, less 6 per cent. Thereupon the importers appealed for a reappraisement. The single general appraiser, upon appeal, likewise appraised the merchandise at the

entered value. The importers then appealed for a re-reappraisement. Upon this appeal the board of appraisers appraised the merchandise at the gross invoice price, less 6 per cent, 2 per cent, and 5 per cent, being practically a deduction of 12½ per cent therefrom. This appraisement was of course final, and it differed from both the invoice and entered values aforesaid, being 2½ per cent more than the invoice price of the merchandise and 6½ per cent less than the entered value thereof:

No specific directions of any kind were addressed to the collector by the Secretary of the Treasury in this case prior to the assessment of duty upon the merchandise, but the Secretary, as was well known, had announced the decision that he would not in any case issue a direction favorable to importers under the paragraph in question unless the final reappraisement of the merchandise in the case sustained the exact value which the importers should specify in their certificate under the paragraph. Furthermore, the Secretary had held that if the importers in any such case failed to specify the value of the merchandise in the certificate thus filed by them, the invoice price should be understood to be their claim in that particular. See T. D. 34806, T. D. 36221, and extract from department letter, infra. According to this view of his duties the Secretary of the Treasury would not have been justified in this case in directing the collector to assess duty upon less than the entered value of the merchandise, since the final appraisement of the merchandise, while less than the entered value, was not as low as the invoice price thereof:

Consistently with the foregoing view of the law, and wholly without specific directions in respect to this entry, the collector assessed duty upon the present merchandise at its entered value.

The importers filed their protest against the assessment, claiming as follows:

* * * We claim that duty should be computed upon the value of the goods as ascertained by final decision on reappraisement.

We claim the Secretary of the Treasury errs in holding that he has no power, as matter of law, under section 3, paragraph I of the said act, to direct that duty be assessed upon an amount less than the entered value unless the invoice value is sustained by final decision on reappraisement.

We claim under the law it is enough to confer such power on the Secretary if the importers' contention is sustained by a final decision on reappraisement that the "entered value is higher than the foreign market value."

A short time subsequent to the liquidation the importers filed with the Secretary a petition wherein they fully recited the facts in the case and requested him to issue directions to the collector to reliquidate the entry in question, and to assess duty upon the reappraised value of the merchandise instead of the entered value. The Secretary refused this request, stating his reasons in the following language:

You are advised that in all cases where the importer has failed to make a specific contention as to market value, the department regards the contention as being for the invoice value; and where the final reappraised value is below the entered value, but not as low as the value contended for by the importer, it is the practice of the department to decline to authorize a reduction of the entered value, on the ground that the importer's contention has not been sustained. · This practice is based upon the department's knowledge of the purpose and intent of the law, and is of such long standing that it will not make any change therein.

You are advised therefore that if the entries enumerated in your petition come within the class mentioned above, the department's final action with reference thereto would necessarily be in accordance with its practice outlined above.

In a subsequent letter to the importers the Secretary enlarged upon the foregoing views as follows:

The statute in question requires as a condition precedent to relief in such cases that an importer shall have made his advances after due diligence and inquiry on his part, relative, of course, to the market value of the merchandise; and therefore contemplates that the importer, having made the inquiry required, has obtained knowledge relative to the market value, and should make his entry accordingly. If such diligence has been exercised, and inquiry made, the importer certainly is in a position to state definitely at the time of entry what he believes to be the market value of the merchandise, on which he has made advances to meet the previous advances by the appraiser; and in all cases where he fails to state what he believes the market value to be it has been the practice of the department to construe his contention for the invoice value.

Reply to your letter has been delayed pending the issuance of T. D. 36221, which covers fully the conditions presented in the petition of the importers; and, in accordance with the principles set forth therein, you are again advised that if the entries enumerated in the petition were reappraised at values below the entered values but not as low as the invoice values, no specific contention for values having been made by the importers at the time of entry, the department necessarily would have to deny an application for reduction of the entered values of the entries, in accordance with its previous practice.

The protest was submitted to the Board of General Appraisers and was overruled, from which decision the importers appeal.

The foregoing statement discloses the fact that the present issue is identical with that which the court has decided concurrently herewith in the case of Mills & Gibb *v*. United States, save for two points of difference. One of these is the fact that in that case the Secretary specifically denied the importers' contention for assessment upon the reappraised value instead of the entered value, and made this decision known to the collector before he assessed duty upon the merchandise. This was not done in the present case. The second point of difference appears in the fact that in the former case the importers in the certificate filed by them at entry specified the exact sum which they claimed to be the actual market value of the merchandise, whereas in the present case the importers simply certified that the entered value was higher than the actual market value of the merchandise without stating specifically in the certificate what that actual market value was.

We do not think that either of these considerations serves to differentiate this case from the Mills & Gibb case aforesaid, since the decision in that case rests upon the view that the collector is bound by the paragraph in question to assess duty in every case upon an amount not less than the entered value of the merchandise unless specifically directed otherwise by the Secretary in certain classes of cases, and that the refusal of the Secretary in any case to so direct the collector is not reviewable upon appeal by the board or this court.

The decision of the board is accordingly *affirmed*.

### DISSENTING OPINION.

De Vries, Judge: For the reasons expressed in the dissenting opinion in Mills & Gibb v. United States (8 Ct. Cust. Appls., 31; T. D. 37164), decided herewith, I am unable to concur with my colleagues herein, and therefore dissent.